Jake Falkin, Appellee, v. Samuel Kunin, Appellant.

Gen. No. 22,749.    (Not to be reported in full.)

Appeal from the Municipal Court of Chicago; the Hon. ARNOLD
HEAP, Judge, presiding. Heard in this court at the October term,
1916. Affirmed. Opinion filed March 26, 1917.

### Statement of the Case.

Action by Jake Falkin, plaintiff, against Samuel
Kunin, defendant, in forcible detainer. From a judg-
ment for plaintiff upon an instructed verdict, defend-
ant appeals.

GEORGE E. SANKSTONE, for appellant; GEORGE F.
ORT, of counsel.

JOHN F. HAAS, for appellee; MORRIS KOMPEL, of
counsel.

MR. JUSTICE HOLDOM delivered the opinion of the
court.

### Abstract of the Decision.

1. LANDLORD AND TENANT, § 23*—*what does not constitute lease
for new term.* A lessor's promise to the lessee to extend the lease
for a subsequent term of years after the expiration of the term
specified in the lease does not constitute a lease for such subsequent
term nor entitle the lessee to hold over after the term specified
in his lease has expired.

2. FORCIBLE ENTRY AND DETAINER, § 45*—*who is proper party to
maintain action against lessee of old lease.* The lessee of a new
lease is the proper party to maintain an action in forcible detainer
against the lessee of an old lease who holds over after the expira-
tion of the term specified in his lease.

3. FORCIBLE ENTRY AND DETAINER, § 29*—*when notice as prereq-
uisite to action of forcible detainer is unnecessary.* Where a land-

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same
topic and section number.

lord has rightfully terminated a tenancy by notice, it would not be necessary to give further notice to commence an action of forcible detainer.

4. LANDLORD AND TENANT, § 437*—*when tenant no election as to holding over.* Where a tenant holds over for a year or years after his term expires without any new agreement, the landlord may at his election treat such tenant as a trespasser or as a tenant for another year on the same terms as in the original lease, but the tenant has no such election.

5. FORCIBLE ENTRY AND DETAINER, § 31*—*when demand for possession unnecessary.* No demand for possession is necessary before bringing an action of forcible detainer against a tenant holding over after expiration of the term specified in his lease.